**Ed LUCKY, Ind. and d.b.a. International Stainless, Appellant,**

v.

**WORLD OF STAINLESS, Appellee.**

**No. A2100.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Aug. 1, 1979.

Rehearing Denied Oct. 17, 1979.

Donald E. Nagle, Houston, for appellant.

Jon D. Totz, Mark P. Blenden, Lapin, Totz & Mayer, Houston, for appellee.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

PAUL PRESSLER, Justice.

Ed Lucky, Ind. and d.b.a. International Stainless (appellant) seeks to review by petition for writ of error the summary judgment granted against him in World of Stainless' (appellee) suit on a sworn account. Appellant contends that the trial court erred in granting the summary judgment on the basis of appellee's pleadings and the exhibit attached thereto.

Appellee filed its original petition, which consisted of its pleadings, the affidavit of its president, and an exhibit listing the goods the sale of which is the basis of this lawsuit. Appellant answered by general denial. Appellee filed a motion for summary judgment and a hearing on the motion was set. Appellant was properly notified of the date for the hearing on the motion for summary judgment. Appellant was not present at the hearing, and a summary judgment was entered in favor of appellee on the sworn account in the amount of $2,006.50, and $500.00 for attorney's fees, with interest.

Appellant's pleadings consisted of a general denial.

Tex.R.Civ.P. 185 provides that in a suit on a sworn account plaintiff's petition, properly verified, "shall be taken as prima facie evidence thereof." Such rule also provides that unless the defendant files a written denial, denying the plaintiff's allegations under oath, in the form provided, the defendant shall not be permitted to deny the plaintiff's claim.

*Wilson v. Browning Arms Company,* 501 S.W.2d 705, 706 (Tex.Civ.App.-Houston [14th Dist.] 1973, writ ref'd). Further, Tex. R.Civ.P. 90 provides in part that:

Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court . . . before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account . . . . .

Appellant has urged this court to reverse the judgment of the trial court. He contends that the trial court erred in granting the summary judgment in favor of appellee on the basis of appellee's pleadings and the attached exhibit claiming them to be insufficient to support a judgment on a sworn account. Appellant filed neither a sworn denial nor special exceptions to appellee's pleadings. He is, therefore, precluded from raising such points on appeal at this time.

The judgment of the trial court is affirmed.