Irby L. DYER, Appellant,

v.

TEXAS ELECTRIC SERVICE
COMPANY, Appellee.

No. 08–83–00029–CV.

Court of Appeals of Texas,
El Paso.

Oct. 24, 1984.

Rehearing Denied Nov. 21, 1984.

Jerry R. Prothro, Robert P. Abbott, Turpin, Smith, Dyer & Saxe, Midland, for appellant.

S.G. Johndroe, III, James A. Riddell, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a judgment of the district court which approved the special commissioners' condemnation of the Appellant's property for an electric power line easement. Appellant challenges the legal and factual sufficiency of the evidence establishing that the condemnation of his property was for a public use as required by Article I, sec. 17 of the Texas Constitution. We affirm.

Texas Electric Service Company (TESCO), the Appellee, is a public utility engaged in the business of generating, transmitting and distributing electric energy in North-Central and West Texas. TESCO is the only electric utility providing electric service in the area of Ward County. Gulf Oil Company, U.S. (Gulf) is the lessee and operator of an oil field in Ward County within which the Appellant's property is located. At trial, the evidence established that TESCO sought an easement over Appellant's land to connect an electric tap line to a substation provided by Gulf. The line was to provide additional power to Gulf, which had undertaken an enhanced recovery program involving additional oil wells.

Appellant contends that TESCO does not have the right to condemn private property in order to provide service to only one person. Appellant asserts that the limitations of Article I, sec. 17 of the Texas Constitution are applicable in this case and would be violated by the taking of his property since it was for a "private use." This constitutional provision limits the power of the state, the counties or their subdivisions, or corporations with delegated powers of condemnation, to the taking of private property only if it is deemed for a "public use."

The question of what is a public use for which the right to exercise the power of eminent domain and condemnation may be granted, is a question for determination by the courts, but where the legislature has declared a certain act to be for a public use, such declaration must be given weight by the courts. *Davis v. City of Lubbock,* 160 Tex. 38, 326 S.W.2d 699, 704 (1959); *Housing Authority of City of Dallas v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79, 84 (1940). Appellee is a public utility empowered "to own, hold and use such lands, right of way, easements, ... as may be necessary for the purpose of such corporation." Tex.Rev.Civ.Stat.Ann. art. 1435 (Vernon Supp.1984); art. 1436 (Vernon Supp.1984). The legislature, in enacting these statutes necessarily found that electric power lines constitute a public use for which rights-of-way may be condemned.

The question of what constitutes public use is a question for the court. *Dallas Cotton Mills v. Industrial Corporation,* 296 S.W. 503 (Tex.Comm'n.App.1927, judgmt adopted); *Higginbotham, supra,* at 84. A review of the decisions in this jurisdiction "demonstrates that this court has

adopted a liberal view concerning what is or is not a public use." *Higginbotham, supra,* 143 S.W.2d at 84. In *Higginbotham,* the court noted the trend toward defining public use in terms of the general benefit to the state. Condemnation of private property was upheld in order to effectuate the legislative declaration that the construction of new housing would alleviate unsanitary or unsafe dwelling accomodations. *See also: Borden v. Trespalacios Rice & Irrigation Company,* 98 Tex. 494, 86 S.W. 11 (1905). *Higginbotham, supra,* 143 S.W.2d at 85, construed the holding in *Borden* to mean that the condemnation was valid since "[t]he public use arose out of the general benefit to the state through the reclamation of arid lands for agriculture by irrigation, which would otherwise be lost to the state."

In *Tenngasco Gas Gathering Company v. Fischer,* 653 S.W.2d 469, 475 (Tex.App.— Corpus Christi 1983, writ ref'd n.r.e.), the Court of Appeals found the use of a pipeline across the property of a private landowner to be public even though the pipeline was built to serve only one customer. The Court of Appeals held:

> The test for determining whether a given use is public is to see if there results to the public some definite right or use in the business or undertaking to which the property is devoted. *Coastal States Gas Producing Co. v. Pate, supra,* 309 S.W.2d at 833; *Davis v. City of Lubbock,* 160 Tex. 38, 326 S.W.2d 699, 705–06 (Tex. 1959). Initially, this test sounds rather narrow and restrictive. However, Texas courts have made it clear that it is the character of the right which inures to the public, not the extent to which the right is exercised, that is important in evaluating enterprises which are involved in condemning private property. *Housing Authority of the City of Dallas v. Higginbotham, supra,* 143 S.W.2d at 84. *West v. Whitehead,* 238 S.W. 976 (Tex.Civ. App.—San Antonio 1922, writ ref'd). As the *Higginbotham* court quoted from *Whitehead:* "It is immaterial if the use is limited to the citizens of a local neighborhood, or that the number of citizens likely to avail themselves of it is inconsiderable, so long as it is open to all who choose to avail themselves of it. The mere fact that the advantage of the use inures to a particular individual or enterprise, or group thereof, will not deprive it of its public character." 143 S.W.2d at 84.

■ Therefore, applying this test, considering the character of the right which inures to the public, we conclude that TESCO's condemnation for an electric power line was for a public use. Even though the only present use of the tap line for which the property is sought to be condemned is to serve a single customer, Gulf, the condemnation would still be deemed a public use. *Tenngasco, supra,* at 475. Arguably, this electric power line would benefit the public by increasing the oil production of Gulf. Appellant urged that any benefits to the public are unknown; that Gulf may or may not increase production. That we do not consider as the controlling consideration. The character of the use is public, and that rather than the extent of the use is the paramount consideration. *Higginbotham, supra.*

■ As the holder of a "Certificate of Convenience and Necessity" issued by the Texas Public Utility Commission, TESCO is required to serve every customer within its certified area and render continuous and adequate service within that area. Tex. Rev.Civ.Stat.Ann. art. 1446c (Vernon 1980). Having determined that condemnation in this case was for a public use and since Gulf was a member of the public and a customer within TESCO's certified area, the condemnation of the Appellant's property ordered by the special commissioners and approved by the district court is affirmed. *Tenngasco, supra; Higginbotham, supra; Arcola Sugar Mills Co. v. Houston Lighting & Power Co.,* 153 S.W.2d 628 (Tex.Civ.App.—Galveston 1941, writ ref'd w.o.m.). Points of Error Nos. One and Two are overruled.

The judgment is affirmed.