W.N. RATCLIFF

v.

CITY OF KELLER, Texas.

No. 2–85–059–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 17, 1985.

Wilbur T. Knape, Hurst, for appellant.

George A. Staples, Jr., Hurst, for appellee.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

OPINION

HILL, Justice.

W.N. Ratcliff appeals from the denial of a temporary injunction. Ratcliff sought to enjoin the City of Keller from proceeding with an eminent domain action which the city had previously initiated to secure a portion of Ratcliff's land in order to construct a storm sewer.

We affirm, because we find that the trial court did not abuse its discretion in denying the temporary injunction.

By point of error number seven, Ratcliff argues that the trial court abused its discretion in denying the temporary injunction. His point of error is not specific as to why. The argument appears to be made that the use is not a public use because the storm sewer in question does not serve all of the people of Keller.

■ Appellate review of an order granting or denying a temporary injunction is strictly limited to determination of whether there has been a clear abuse of discretion in granting or denying the interlocutory order. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975).

■ At a hearing on the request for a temporary injunction, the only question before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Davis v. Huey*, 571 S.W.2d at 862; *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217, 219 (1956). On appeal the reviewing court is limited in its consideration as to whether the trial court abused its discretion in making the foregoing determination. The appellate court may not substitute its judgment for that of the trial court. *Davis v. Huey*, 571 S.W.2d at 862; *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460, 463 (1952). The merits of the underlying case are not presented for appellate review. *See Davis v. Huey*, 571 S.W.2d at 862.

The City of Keller began the construction of a storm sewer on Ratcliff's property, apparently without any authority to do so. The city subsequently initiated eminent domain proceedings in the 153rd District Court. Ratcliff filed this injunction suit in the 17th District Court of Tarrant County on the next day.

■ Since Keller had already entered prematurely on his land, Ratcliff was entitled to an injunction if Keller's action was done under the colorable authority of a void condemnation proceeding. *Norman v. City of San Antonio, City Pub. Serv. Bd.*, 467 S.W.2d 199, 200 (Tex.Civ.App.—San Antonio 1971, no writ). The only contention presented by Ratcliff is that the condemnation is void because the use is not a public use since the storm sewer serves a development owned by one person and, therefore, does not serve all the people of Keller. The fact that a public improvement such as a storm sewer does not itself serve all citizens directly does not prevent it from being a public use. *See Dyer v. Tex. Elec. Service Co.*, 680 S.W.2d 883 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). Although the *Dyer* case involved condemnation by a public utility, rather than a municipality, we find the reasoning to be equally applicable when a municipality is involved. We find that the trial court did not err in his determination that the use of the property sought by Keller was a public use, and we find that the trial court did not abuse its discretion in denying the temporary injunction. We overrule point of error number seven.

The remaining points of error do not reach the issue of abuse of discretion, the only issue reviewable on appeal. We do not find any issues presented by Ratcliff that cannot properly be resolved in the eminent domain proceeding. We overrule points of error one through six, and we overrule points of error eight and nine.

The judgment is affirmed.