**Alfonso MORA, Individually and D/B/A Auto Insurance Agency and the Insurance People, Appellant,**

**v.**

**SOUTHWESTERN BELL MEDIA, INC., Appellee.**

**No. 08–88–00168–CV.**

Court of Appeals of Texas, El Paso.

Dec. 28, 1988.

Albert Armendariz, Sr., El Paso, for appellant.

Stuart R. Schwartz, Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a summary judgment awarding Appellee the sum of $9,450.00 plus attorney's fees, and interest in a suit on a sworn account. We reverse and remand.

Appellee filed its original petition claiming Appellant owed Appellee $9,450.00 for advertising services. Appellee attached an affidavit by Jeanette Bedell, an employee of Appellee, that stated that the attached claim was just and true. Appellee also attached to the petition a copy of a computer print-out of the account. Appellant answered with an unsworn general denial. Appellee subsequently moved for summary judgment, attaching affidavits by Appellee's attorney and Bedell. The summary judgment was granted, without a hearing, and signed on December 29, 1987.

Appellant filed a petition for writ of error on April 12, 1988, asking for review by this Court and asserting his lack of participation in the court below in that no hearing was held. In Appellant's only point of error, he urges that the summary judgment proof was insufficient to establish Appellant's liability for the debt.

■ Initially, we must determine whether or not Appellant may use the writ of error to gain review by this Court. For review by writ of error, the appeal must be brought within six months of the judgment by a party to the suit, who did not participate at the trial, and the alleged error must be apparent from the face of the record. *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390 (Tex.1982).

Here, Appellant meets the first requirement. The petition for review by writ of error was filed April 12, 1988, well within the six-month period following the December 29, 1987 judgment. Appellant meets the second requirement in that he was a named party to the suit below. As to the third requirement, Appellant claims he was not allowed to participate in the proceedings below because no hearing was held on the summary judgment. Appellee responds that the judge of the 210th District Court does not hold hearings on motions for summary judgment, and that Appellant was made aware of this by letter.

We will examine the case law. In *Schulz v. Schulz*, 726 S.W.2d 256 (Tex.App.—Austin 1987, no writ), the court held that a mere answer does not constitute participation at trial. Although the answer constitutes an appearance, it does not deprive the appellant from seeking review by writ of error. *Id.* at 258. In *Ridgeline, Inc. v. Crow–Gottesman–Shafer # 1*, 734 S.W.2d 114 (Tex.App.—Austin, 1987, no writ), the Court held that there was no participation by the petitioner because no response to the motion for summary judgment was filed and he made no appearance at the hearing on the motion. In *Ridgeline*, petitioner filed an answer and was deposed, but the Court held that these actions were not enough to constitute participation. *Id.* at 116. Here, Appellant filed an answer but did not respond to the motion for summary judgment. Although Appellant may have been involuntarily precluded from appearing at a hearing, the case law suggests that more is required by the Appellant to rise to a level of participation which would bar review by writ of error. We find the first three requirements for review by writ of error have been met.

■ Lastly, to gain review, Appellant must show error on the face of the record. In a summary judgment, the moving party must establish as a matter of law that he is entitled to recover. This is accomplished by the pleadings, affidavits, depositions, answers to interrogatories showing that there is no issue of material fact. Tex.R. Civ.P. 166a. The pleadings, even if verified, do not constitute competent summary judgment evidence. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The evidence supporting

the summary judgment must be attached to the motion or to an affidavit that refers to the evidence, and not merely by reference to the pleadings. *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738 (Tex.1973); *Chandler v. Carnes Company,* 604 S.W.2d 485 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). Pleading deficiencies that could be raised by a special exception and cured by amendment will not form the basis of a summary judgment. *Massey v. Armco Steel Company,* 652 S.W.2d 932 (Tex.1983).

■ Here, Appellee failed to attach the account to the motion for summary judgment or to the affidavit by Bedell. The motion and affidavit merely made reference to the account that was attached to the pleadings. Appellee may have been entitled to recover on the account had he attached the account to the motion for summary judgment or the affidavit of Bedell. Appellee established a prima facie case of the existence of the account because of Appellant's unsworn denial, but he was not entitled to summary judgment because he failed in his proof. See *Crawford v. Pullman, Incorporated,* 630 S.W.2d 377 (Tex. Civ.App.—Houston [14th Dist.] 1982, no writ); *Lucky v. World of Stainless,* 588 S.W.2d 626 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). The failure of the summary judgment proof appears on the face of the record.

■ Appellant meets the four requirements of Brown, and is entitled to review by writ of error. Appellant is entitled to reversal because the summary judgment proof fails. The point of error is sustained.

The judgment is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.