MEMORANDUM OPINION




No. 04-02-00733-CV



J. Rodney BLACK,


Appellant



v.



William R. BRUNER,


Appellee



From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-01848


Honorable Solomon Casseb, Jr., Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice 

 Sarah B. Duncan, Justice 


Delivered and Filed: March 5, 2003


REVERSED AND REMANDED

 In this restricted appeal, J. Rodney Black challenges the trial court's summary judgment in
favor of William R. Bruner ("Bruner"). In a restricted appeal, we review four elements: (1) notice
filed within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate
at trial; and (4) the error complained of must be apparent from the face of the record. Norman
Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). In this case, notice was
timely filed by Black, who was a defendant in the suit and who did not participate at trial. The sole
remaining issue is whether the error complained of is apparent on the face of the record. See
Norman Communications, 955 S.W.2d at 270. Black contends that error is apparent on the face of
the record because the record demonstrates that Bruner was not entitled to summary judgment based
on the evidence he presented. See Havens v. Ayers, 886 S.W.2d 506, 510 (Tex. App.--Houston [1st
Dist.] 1994, no writ) (finding error apparent on face of record where record contained no evidence
to support one of the elements essential to movant's claim); Mora v. Southwestern Bell Media, Inc.,
763 S.W.2d 527, 529 (Tex. App.--El Paso 1988, no writ) (failure of summary judgment proof
appears on the face of the record). We agree.

 Bruner sued Black for contractual indemnity under two agreements. One agreement provided
for Bruner to be indemnified by WBB Enterprises, L.C., a Texas limited liability company of which
Black is a member. The other agreement provided for Bruner to be indemnified by Ground
Stabilizers, L.P., a Texas limited partnership of which WBB is the general partner. As a matter of
law, the agreements are not ambiguous. See Friendswood Dev. Co. v. McDade + Co., 926 S.W.2d
280, 282 (Tex. 1996) (noting whether contract is ambiguous is question of law).

 Both agreements are signed by Black and others as members of WBB. As a member of
WBB, Black is not individually liable for the obligations of WBB unless WBB's regulations
otherwise provide. See Tex. Rev. Civ. Stat. Ann. art. 1528n, art. 4.03 (Vernon 1997). No
summary judgment evidence was presented to prove that WBB's regulations provide that its
members are individually liable for WBB's obligations. Accordingly, the agreements did not
conclusively establish that Black had any contractual obligation to indemnify Bruner, and Bruner's
affidavit to the contrary cannot contradict the express terms of the agreement. See Friendswood Dev.
Co., 926 S.W.2d at 283 (parol evidence may not be admitted for the purpose of creating an ambiguity
and may not be admitted to contradict the express terms of an unambiguous agreement).

 The trial court's judgment is reversed, and the cause is remanded to the trial court for further
proceedings consistent with this opinion.

 Alma L. López, Chief Justice


PUBLISH