COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-150-CV
 
GERALD B. BERRY AND CATHY BERRY       
           
           
           
        APPELLANTS
V.
CITY OF RENO, TEXAS           
           
           
           
           
           
    APPELLEE
------------
FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
------------
OPINION
------------
In this inverse condemnation case,
Appellants Gerald B. Berry and Cathy Berry appeal from the trial court's order
granting summary judgment to Appellee City of Reno. Appellants contend in two
issues that the trial court erred in granting the City's motion for summary
judgment. We affirm.
Appellants' property is located at 355
Miller Road, Reno, Parker County, Texas. In 1989, at the request of the
then-mayor of the City of Reno, Parker County constructed a drainage system on a
low water area of the roadway in front of Paul Wenzel's property, which would
flood during heavy rains. Wenzel's property abuts and is immediately east of
Appellants' property. Road crews removed the surface of the roadway at the low
water area, placed two eighteen-inch drainage pipes adjacent to one another
underneath the roadway, and resurfaced the road. The roadway on which the
drainage system was constructed is in front of both Wenzels' and Appellants'
property.
Apparently, after Parker County made the
modifications, Appellants' property, including their house and swimming pool,
flooded in November 1996 and February 1997. Appellants allege that they
videotaped the effects of the February 1997 flood and showed the videotape to
the mayor of the City, Lloyd Bailey, shortly thereafter. The City of Reno
performed remedial repairs in 2000, and Appellants' property flooded once again
in June 2000.
Appellants initially instituted an action
against Parker County in 1997, alleging that the flooding of their property had
resulted from the County's negligence. In addition, Appellants made an inverse
condemnation claim under the Texas Constitution. See Tex. Const. art.
I, § 17. When Parker County moved for summary judgment, Appellants responded on
November 27, 2000, and at the same time filed a second amended petition, naming
the City as an additional defendant and maintaining their negligence and inverse
condemnation claims. The trial court granted Parker County's motion for summary
judgment. Following the grant of Parker County's motion, the City filed a
traditional and no-evidence motion for summary judgment.
On April 1, 2002, the trial court granted
the City's motion for summary judgment on specific grounds. As to Appellants'
negligence or nuisance claim, the trial court found that the statute of
limitations had run on those claims that accrued more than two years prior to
October 28, 1997, and that the City retained its sovereign immunity based upon
its performance of a discretionary function. As to their inverse condemnation
claim, the trial court found Appellants had not demonstrated any public use or
damage to their property resulting from the City's alleged negligence.
Appellants appeal from that order, but do not appeal the trial court's order
granting Parker County summary judgment.
Appellants' first issue reads as follows:

 The trial court granted the City of
 Reno's Motion for Summary Judgment based on [sovereign] immunity. Does the
 Texas Constitution Article I, Section 17 deprive the City of Reno from
 immunity for taking property without compensation and for damages attributable
 to nuisance?

We agree with the City that Appellants
have mischaracterized the trial court's decision that the City retained
sovereign immunity based on its performance of a discretionary function to mean
that the City was immune from liability for the constitutional takings claim
they asserted. The trial court made no finding that the City was immune from a
constitutional takings claim. Instead, the trial court's finding number 2 was a
finding that the City retained sovereign immunity in regards to Appellants'
negligence claim. In addition to being a complaint that the trial court erred in
finding that sovereign immunity applied, we interpret Appellants' first issue,
based on their arguments in their brief and at oral argument, to be a complaint
that the trial court erred in granting summary judgment to the City because
their claims were based on intentional conduct of the City, not negligence as
the trial court said in finding number 3. In their second issue, Appellants
contend that the trial court erred in granting summary judgment to the City
based on limitations.
Neither party set forth the applicable
standard of review in its brief, and subsequently neither constructed their
arguments on the proper standard of review. A defendant is entitled to summary
judgment if the summary judgment evidence establishes, as a matter of law, that
at least one element of a plaintiff's cause of action cannot be established. Elliott-Williams
Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). The defendant as movant must
present summary judgment evidence that negates an element of the plaintiff's
claim. Once the defendant produces sufficient evidence to establish the right to
summary judgment, the burden shifts to the plaintiff to come forward with
competent controverting evidence raising a genuine issue of material fact with
regard to the element challenged by the defendant. Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995).
A defendant is entitled to summary
judgment on an affirmative defense if the defendant conclusively proves all the
elements of the affirmative defense. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law. Ryland Group, Inc. v.
Hood, 924 S.W.2d 120, 121 (Tex. 1996).
After an adequate time for discovery, the
party without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an essential
element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion
must specifically state the elements for which there is no evidence. Id.; In
re Mohawk Rubber Co., 982 S.W.2d 494, 497-98 (Tex. App.--Texarkana 1998,
orig. proceeding). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material fact.
See Tex. R. Civ. P. 166a(i); Moore v. K Mart Corp., 981 S.W.2d
266, 269 (Tex. App.--San Antonio 1998, pet. denied); Jackson v. Fiesta Mart,
Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.).
A no-evidence summary judgment is
essentially a pretrial directed verdict, and we apply the same legal sufficiency
standard in reviewing a no-evidence summary judgment as we apply in reviewing a
directed verdict. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort
Worth 1999, pet. denied); Moore, 981 S.W.2d at 269. We review the
evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and
inferences. Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex.
1994). If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence
summary judgment is not proper. Moore, 981 S.W.2d at 269. More than a
scintilla of evidence exists when the evidence would enable reasonable and
fair-minded people to reach different conclusions. Merrell Dow Pharm., Inc.
v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A genuine issue of material
fact is raised by presenting evidence on which a reasonable jury could return a
verdict in the nonmovant's favor. Moore, 981 S.W.2d at 266; see
also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255-56, 106 S.
Ct. 2505, 2513-14 (1986) (interpreting Fed. R. Civ. P. 56).
Negligence Cause of Action
Appellants claimed that the City
negligently constructed the roadway drainage system in front of their property.
The City moved for traditional summary judgment on the affirmative defense of
sovereign immunity under section 101.056 of the Texas Tort Claims Act. Tex. Civ.
Prac. & Rem. Code § 101.056(2) (Vernon 1997). Appellants contend that the
trial court erred in finding that sovereign immunity applied.
Sovereign Immunity
Under the Tort Claims Act, the State is
immune from liability based on its performance of a discretionary act. Id.
The question of whether the State's actions fall within its discretionary powers
is a question of law for the court. McKinney v. City of Gainesville,
814 S.W.2d 862, 866 (Tex. App.--Fort Worth 1991, no writ). A governmental
entity's discretion in the design of roadways is protected from liability by
section 101.056(2) of the Tort Claims Act. Tex. Civ. Prac. & Rem. Code §
101.056(2); State v. Burris, 877 S.W.2d 298, 299 (Tex. 1994); Maxwell
v. Tex. Dep't of Transp., 880 S.W.2d 461, 463 (Tex. App.--Austin 1994, writ
denied).
As summary judgment evidence, the City
attached Appellants' depositions. In his deposition, Mr. Berry testified that
his and his wife's claim is founded on the City's negligence in designing the
roadway drainage system. In addition, the City attached an affidavit of Danny
Choate, the Parker County Commissioner who received notice of Appellants' claims
in 1997. In his affidavit, Choate detailed the work the County performed on the
roadway in front of Appellants' property, and included a copy of a 1997 letter
Appellants' counsel sent to the County. Appellants' letter gave notice to the
County that they were seeking compensation from damages "arising out of the
construction and/or 'improvements'" of the roadway.
The City also attached Appellants' second
amended petition as summary judgment evidence, which specifically alleges that
the City was "negligent in the operational planning and construction"
of the roadway drainage system in front of their property. As a general rule,
pleadings, even if sworn to, do not constitute summary judgment proof. Laidlaw
Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995). Even
though Appellants' pleadings fail as proof, we hold that the deposition
testimony of Mr. Berry and the affidavit of Choate proved that Appellants' suit
was based on the design and construction of the roadway, which are discretionary
acts. See Burris, 877 S.W.2d at 299; Maxwell, 880 S.W.2d at
463. Therefore, the City conclusively proved that sovereign immunity applied as
to Appellants' negligence claim. Accordingly, the trial court properly granted
summary judgment to the City on this ground, and we need not address Appellants'
second issue regarding the statute of limitations.
Inverse Condemnation Cause
of Action
In addition to their negligence cause of
action, Appellants also claimed that, as a result of the flooding from the
"improvements" the City had made to the roadway, a taking of their
property in violation of section 17, article I of the Texas Constitution had
occurred. The City moved for no-evidence summary judgment on this issue, arguing
that Appellants had no evidence to establish a takings claim. More specifically,
the City claimed that Appellants had no evidence that the City made a taking for
public use.
A landowner may bring an inverse
condemnation claim pursuant to article I, section 17 of the Texas Constitution
when his property has been taken, damaged, or destroyed for, or applied to,
public use without adequate compensation. Tex. Const. art. I, § 17. To
demonstrate that a constitutional inverse condemnation has occurred, a party
must show that (1) the State intentionally performed certain acts in the
exercise of its lawful authority, (2) that resulted in a "taking" of
property, (3) for public use. State v. Hale, 136 Tex. 29, 146 S.W.2d
731, 736 (1941); City of Keller v. Wilson, 86 S.W.3d 693, 701-02 (Tex.
App.--Fort Worth 2002, pet. filed); Kerr v. Tex. Dep't of Transp., 45
S.W.3d 248, 250 (Tex. App.--Houston [1st Dist.] 2001, no pet.).
Public Use
In its order granting the City's motion
for summary judgment, the trial court found as a matter of law that "a
'taking' as alleged could not take place because there was no taking for public
use." The City raised the issue in its brief and at oral argument that the
trial court properly granted its no-evidence motion for summary judgment on this
ground because Appellants "never . . . provided any evidence of a public
use for which their property was taken or damaged." Appellants did not
respond to this issue in a reply brief or at oral argument before this court.
A constitutional taking for public use
occurs "only when there results to the public some definite right or use in
the business or undertaking to which the property is devoted." Borden
v. Trespalacios Rice & Irrigation Co., 98 Tex. 494, 86 S.W. 11, 14
(1905); Loesch v. Oasis Pipe Line Co., 665 S.W.2d 595, 597 (Tex.
App.--Austin 1984, writ ref'd n.r.e.). The question of what constitutes public
use is one for the court. Dyer v. Tex. Elec. Serv. Co., 680 S.W.2d 883,
884 (Tex. App.--El Paso 1984, writ ref'd n.r.e.). Generally, the trend in Texas
is toward defining public use in terms of the general benefit to the State. Id.
at 885 (citing Hous. Auth. of City of Dallas v. Higginbotham, 135
Tex. 158, 143 S.W.2d 79, 85 (1940)). Even if the use of the roadway drainage
system for which Appellants' property has been taken serves a single individual,
the condemnation would still be deemed a public use. See id. (citing Tenngasco
Gas Gathering Co. v. Fischer, 653 S.W.2d 469, 475 (Tex. App.--Corpus
Christi 1983, writ ref'd n.r.e.) (holding pipeline running across the property
of a private landowner to be a public use even though the pipeline was built to
serve only one customer)).
Appellants' response to the City's
no-evidence motion, while providing a lengthy narrative regarding Texas
constitutional takings case law, did not point the trial court to the specific
portions of their attached summary judgment evidence that would constitute some
evidence that the City took their property for a public use. Here, we conduct a
close review of the ninety pages of summary judgment evidence attached to
Appellants' response to determine if they met their burden. See Simplified
Telesys, Inc. v. Live Oak Telecom, L.L.C., 68 S.W.3d 688, 690 (Tex.
App.-Austin 2000, no pet.) (holding that by broadly stating summary judgment
evidence was "all contained in the [250-page] Reporter's Record" which
was attached to non-movant's response to a motion for summary judgment,
non-movant sufficiently "point[ed] out evidence" as required by the
rules).
Appellants' summary judgment evidence
included a copy of their depositions, an affidavit of Mr. Berry, and an
affidavit of Appellants' counsel with an attached letter to the City of Reno,
dated June 16, 2000, notifying the City of Appellants' flooding problems.
Appellants attached those documents to their response. Appellants also stated
that their evidence included "[i]nterrogatories and answers thereto,
depositions, medical records and expense affidavits and other pleadings and
discovery which are on file with this Court, all of which are hereby
incorporated into and made a part of this [r]esponse to the degree
referenced." As discussed above, pleadings generally do not constitute
competent summary judgment proof. Laidlaw, 904 S.W.2d at 660; Mora
v. Southwestern Bell Media, Inc., 763 S.W.2d 527, 528 (Tex. App.--El Paso
1988, no writ). The evidence supporting the summary judgment must be attached to
the motion or to an affidavit that refers to the evidence and not merely to the
pleadings. Tex. Nat'l Corp. v. United Sys. Int'l, Inc., 493 S.W.2d 738,
740 (Tex. 1973); Mora, 763 S.W.2d at 528-29. Appellants' depositions
and Mr. Berry's affidavit, therefore, are the only competent summary judgment
evidence before us.
Appellants' depositions included a diagram
of their property. The diagram, drawn by Mr. Berry, shows the location of Paul
Wenzel's property and the location of the roadway drainage system. Mr. Berry's
testimony supplements and explains his diagram, which shows that the drainage
system is located in front of Wenzel's property. Mr. Berry testified that before
the 1989 installation of the roadway drainage system, his property would flood
on occasion, but the flooding was limited to his pasture. He said that he knew
about the flooding when he bought the property and that he needed the flood
waters for his stock tank. Mr. Berry said, "I don't know why they put the
pipes in there."
In our careful review of the summary
judgment evidence, we do not find any evidence that showed the City's purpose in
constructing the roadway drainage system. See, e.g., City of Perryton v.
Huston, 454 S.W.2d 435, 439 (Tex. Civ. App.--Eastland 1970, writ ref'd
n.r.e.) (holding there was evidence of a public use where the city's drainage
project, which was used to divert water out of the city and to relieve the city
from flooding, subsequently flooded plaintiff's land). The summary judgment
evidence merely shows that Appellants did not know why the City constructed the
drainage system. This denial does not provide more than a scintilla of evidence
as to the City's purpose in constructing the drainage system; therefore, we hold
that Appellants did not provide more than a scintilla of evidence that the City
constructed the system for a public use. See Moore, 981 S.W.2d
at 269. Accordingly the trial court did not err in granting summary judgment to
the City on Appellants' inverse condemnation cause of action.
We affirm the trial court's judgment.
 
                                                                       
DIXON W. HOLMAN
                                                                       
JUSTICE
 
PANEL B:  HOLMAN, GARDNER, and
WALKER, JJ.
               
GARDNER and WALKER, JJ. concur without
opinions.
DELIVERED: April 24, 2003