NO. 07-08-0444-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 23, 2009
_____

THE CITY OF BORGER, APPELLANT

V.

VICTOR GARCIA AND WIFE BECKY GARCIA, AND
LORENZO RAMOS AND WIFE SILVIA RAMOS, APPELLEES
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 37,431; HONORABLE DAVID GLEASON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, City of Borger (City), appeals the trial court's order denying the City's Plea to the Jurisdiction[1] in relation to a lawsuit brought by appellees, Victor and Becky Garcia and Lorenzo and Silvia Ramos (collectively, "appellees"), seeking recovery for property damage to appellees' homes caused by a flood. We reverse the trial court's order and render judgment dismissing appellees' suit with prejudice.

---

[1]A governmental unit may appeal an interlocutory order that grants or denies a plea to the jurisdiction. See TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008).

Background

Appellees' homes were damaged when several inches of rain fell on the area of their homes over the course of a couple of hours on September 6, 2006. Flooding had occurred in the area in the past. However, in April or May of 2006, the City had rerouted the drainage system serving the area and installed larger drain pipes. From the time that the new drainage system project was completed until the September 6th flood event, the drainage system had adequately handled rainfall and no flooding had been reported in the area.

Appellees filed claims for a damaging of their property without just compensation against the City, as authorized by article I, section 17, of the Texas Constitution, on December 21, 2006. See TEX. CONST. art. I, § 17. On July 23, 2007, the City filed a Plea to the Jurisdiction, supported by the affidavit of the city's engineer, contending that, *inter alia*, appellees' claims do not state facts sufficient to invoke the trial court's jurisdiction over the case. Appellees amended their petition and filed evidence of jurisdictional facts with their response to the City's plea. Subsequently, both the City and appellees filed additional evidence of jurisdictional facts. Apparently, on or about July 1, 2008, the trial court heard the City's Plea to the Jurisdiction, granted the plea, but afforded appellees an opportunity to amend their pleadings.[2] Appellees amended their pleading. The City again filed a plea to the jurisdiction. After considering the pleadings and the arguments of counsel, the trial

_____

[2] No order or oral pronouncement of this ruling is contained within the appellate record. Our recitation of this portion of the procedural history is based on appellee's July 16, 2008 Motion for Rehearing of Defendant's Plea to the Jurisdiction.

2

court denied the City's plea on October 9, 2008.  From this denial, the City timely filed the present interlocutory appeal.

By one issue, the City contends that the trial erred in denying the City's plea to the jurisdiction based on the appellees' failure to plead that their property was taken for or applied to a public use.[3]  Appellees contend that their live pleading alleges a claim for a taking under article I, section 17, of the Texas Constitution.  Appellees pled that their property was damaged for a public use because (1) the damage arose out of or was incident to a public work, (2) the City used less costly materials and failed to adequately plan the drainage system, which resulted in saving public funds, and (3) the design and installation of the drainage system protected other homeowners from the flooding suffered by appellees.

## Standard of Review

The City's issue calls on us to review the trial court's denial of the City's plea to the jurisdiction.  A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.  Tex. Dep't of Parks & Wildlife v.

---

[3] While governmental immunity generally shields governmental entities from suit, governmental immunity does not encompass claims based on the takings clause of the Texas Constitution.  See Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001).

Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We are to construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. Id. Whether a pleader has affirmatively demonstrated a trial court's jurisdiction is a question of law reviewed *de novo*. Id. However, a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. Bland Indep. Sch. Dist., 34 S.W.3d at 555. Thus, in deciding whether a plaintiff has affirmatively demonstrated the court's jurisdiction to hear the cause, we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. See State Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).

An appellate court's task in reviewing a ruling on a plea to the jurisdiction is to determine whether the plaintiff pled facts that, when taken as true, support jurisdiction in the trial court. Miranda, 133 S.W.3d at 226; Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). However, the reviewing court should not address the merits of the case. Bland Indep. Sch. Dist., 34 S.W.3d at 554.

Law and Analysis

The takings clause of the Texas Constitution provides that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made . . . ." TEX. CONST. art. I, § 17. To recover under the takings clause, a plaintiff must establish that: (1) a governmental unit intentionally performed certain acts, (2) which resulted in a "taking" of the plaintiff's property, (3) for public use.

4

See City of Abilene v. Smithwick, 721 S.W.2d 949, 951 (Tex.App.–Eastland 1986, writ ref'd n.r.e.) (citing Steele v. City of Houston, 603 S.W.2d 786, 788-92 (Tex. 1980)). The City's plea to the jurisdiction challenged only the third element of public use, so we will constrain our analysis of the jurisdictional issue to whether appellees pled sufficient facts to establish that their property was damaged for or applied to public use.[4]

A constitutional taking for public use occurs "only when there results to the public some definite right or use in the business or undertaking to which the property is devoted." Borden v. Trespalacios Rice & Irrigation Co., 98 Tex. 494, 86 S.W. 11, 14 (1905); Loyd, 956 S.W.2d at 128. Judicial decisions have narrowed the meaning of public use to those situations in which the damages are incident to the construction and operation of public works. Id. The question of what constitutes a public use is a question of law for the courts. Dyer v. Tex. Elec. Serv. Co., 680 S.W.2d 883, 884 (Tex.App.–El Paso 1984, writ ref'd n.r.e.). The key consideration in assessing whether a particular taking was for a public use is whether the public is bearing a cost for which it received a benefit. See Tarrant Reg'l Water Dist. v. Gragg, 151 S.W.3d 546, 554 (Tex. 2004).

---

[4] Because we hold that appellees failed to plead facts sufficient to establish that their property damage was related to a public use, we need not address the element of whether the City acted intentionally. However, our review of appellees' pleading lead us to conclude that, at best, appellees have pled that the City acted negligently in the design and construction of the drainage system appellees complain of. See Loyd v. ECO Res., Inc., 956 S.W.2d 110, 128 (Tex.App.–Houston [14th Dist.] 1997, no pet.) ("If the damage is clearly attributable to negligent acts of the agents of the governmental unit, there is no liability under the rationale that a damaging from unintended and negligent acts results in no benefit to the public.").

Looking to appellees' factual pleadings of how their property was taken for public use, we note that appellees allege three bases: (1) the damage arose out of or was incident to a public work, (2) the City used less costly materials and failed to adequately plan the drainage system, which resulted in a savings of public funds, and (3) the design and installation of the drainage system protected other homeowners from the flooding suffered by appellees.

In their first basis for meeting the public use element, appellees pled that the damage to their property arose out of or was incident to a public work and, therefore, was for a public use. See Loyd, 956 S.W.2d at 128. While we agree with appellees that damage arising out of or that is incident to public works will generally meet the third element of a takings claim, appellees have failed to plead facts sufficient to establish that the property damage that they suffered arose out of or were incident to a public work. This is so because appellees have failed to allege any facts creating a causal nexus between the property damage and the City's drainage system. Appellees' only allegation relating to causation is that "[t]he street drainage system designed and maintained by THE CITY failed to prevent and possibly exacerbated the referenced flooding." However, appellees have alleged no facts that would support their conclusion that the drainage system somehow exacerbated the flooding or, other than the mere fact that appellees suffered property damage, that the drainage system was not effective in preventing flooding. The City was not required to provide drainage adequate for all floods that may occur. Norman & Schaen, Inc. v. City of Dallas, 536 S.W.2d 428, 430 (Tex.Civ.App.–Dallas 1976, writ ref'd n.r.e.). In fact, the only duty imposed upon the City in constructing or maintaining the

6

drainage system was that it not increase the flow of surface waters across appellees' property. Id. at 429-30. Appellees have made no allegation that the City's redesign and installation of the drainage system caused an increased flow of surface waters across their property. Thus, appellees have wholly failed to plead facts that would establish that the property damage they suffered arose out of or was incident to a public work.

Appellees' second basis for establishing public use is that the City used less costly materials and failed to adequately plan the drainage system resulting in a savings of public funds. There are no facts pled nor jurisdictional evidence presented that would establish that the City used less costly materials in the drainage system. There is, however, some evidence in the record that the City may not have adequately planned the drainage system. The evidence that raises a fact issue in regard to the adequacy of the planning of the drainage system, at best, raises a fact issue as to whether the City was negligent in its design of the drainage system. This is significant because (1) the design of a street drainage system is a discretionary act for which governmental immunity has not been waived, see TEX. CIV. PRAC. & REM. CODE ANN. § 101.056 (Vernon 2005), and (2) the particular design and construction of the drainage system selected by the City is within the City's discretion and may not be reviewed and revised by the courts in a piecemeal fashion, see Norman & Schaen, Inc., 536 S.W.2d at 430. Further, even if we were to accept the savings of public funds as a public use, the appellees have alleged no facts nor is there any evidence in the record that would establish a causal connection between the supposed savings on the drainage system and the damage to appellees' property. Thus, we conclude that the purported savings of public funds in the design and construction of

7

the drainage system is insufficient to establish that appellees' property was taken for a public use.

In addition, sound public policy would militate against the establishment of the public use element of a takings claim based on a savings of public funds. To allow the establishment of this element by proof of a cost savings would be a judicial interference in municipal fiscal policy, which would violate the separation of powers doctrine. Further, for a city to protect itself from potential litigation arising out of a public works project, the city would have to accept the highest bid submitted and would have to ensure that the most expensive materials were used. To paraphrase the Dallas Court of Appeals, since cheaper protection against floods is better than none at all, if the city undertakes to provide drainage, it has no duty to provide facilities adequate for all floods that may reasonably be anticipated because the existence of such liability would tend to deter the city from providing any protection from flooding at all. See id.

Finally, appellees pled that the design and installation of the drainage system protected other homeowners in the neighborhood from the flooding suffered by appellees. Certainly, if the pleaded facts and the jurisdictional evidence established that the City intentionally diverted flood waters to appellees' property to prevent flooding of other neighborhood property owners, appellees would have stated a claim for a taking that would withstand a plea to the jurisdiction. However, appellees allege no facts that would establish that the City used their property to protect other neighborhood property owners. Much as is the case with appellees' assertion that their property damage arose from a public work, appellees appear to conclude that the City diverted water onto their property

8

based solely on the fact that their property sustained damage while other neighborhood properties did not. Because appellees fail to allege any facts to establish that flood waters were diverted onto their property to protect the property of others, we conclude that appellees have failed to allege a public use for which their property was taken.

Further, as it relates to appellees' diversion of water contention, the City's intended use of the drainage system is inextricably linked to appellees' allegation of a public use. If the City intended to divert surface waters onto appellees' property to protect other homeowners, then appellees have a claim for a taking. See id. On the other hand, if surface waters were not intentionally diverted to appellees' property, then it cannot be said that appellees' property was taken for a public use. Stated another way, assuming that there was, in fact, a diversion of surface waters onto appellees' property, if such a diversion was not intended by the City, appellees would possess a claim for negligence, but would not be able to establish that the unintended diversion of surface waters onto their property was for a public use. See Gragg, 151 S.W.3d at 555 ("we have sought objective indicia of intent in particular contexts to determine whether property has been taken or damaged in furtherance of the public interest."). In the present case, the only evidence contained in the record relating to the whether the City used appellees' property to protect other property owners is the statement of the city engineer that he was not aware of any plans by the City to divert water onto the appellees' property to benefit the public.

Because we agree with the City that appellees have failed to allege facts or present evidence establishing that the City damaged their property for public use, we sustain the

9

City's issue, reverse the trial court's order denying the City's plea to the jurisdiction, and dismiss appellees' suit.

Prejudice

Ordinarily, when a plaintiff is capable of remedying a jurisdictional defect in his pleading, dismissal with prejudice is improper. See Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004). However, when a plaintiff has been provided a reasonable opportunity to amend his pleading, but the amended pleading still does not allege facts that would constitute a waiver of immunity, the court should dismiss the case with prejudice. Id. This is so because the plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. Id.

In the present case, the trial court granted an earlier plea to the jurisdiction filed by the City, but afforded appellees an opportunity to amend their pleading. The appellees did amend their pleadings and it is this amended pleading that this Court is reviewing in the present appeal. Because the issue of the trial court's jurisdiction to hear appellees' suit has been finally determined after appellees were afforded an opportunity to and did amend their pleading, our judgment dismissing appellees' case is with prejudice.

Conclusion

For the foregoing reasons, we reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing appellees' suit for want of jurisdiction with prejudice.

Mackey K. Hancock<br>
Justice