BERRY V. RENO, TX

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-150-CV

GERALD B. BERRY AND CATHY BERRY APPELLANTS

V.

CITY OF RENO, TEXAS APPELLEE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

OPINION

------------

In this inverse condemnation case, Appellants Gerald B. Berry and Cathy Berry appeal from the trial court’s order granting summary judgment to Appellee City of Reno.  Appellants contend in two issues that the trial court erred in granting the City’s motion for summary judgment.  We affirm.

Appellants’ property is located at 355 Miller Road, Reno, Parker County, Texas.  In 1989, at the request of the then-mayor of the City of Reno, Parker County constructed a drainage system on a low water area of the roadway in front of Paul Wenzel’s property, which would flood during heavy rains.  Wenzel’s property abuts and is immediately east of Appellants’ property.  Road crews removed the surface of the roadway at the low water area, placed two eighteen-inch drainage pipes adjacent to one another underneath the roadway, and resurfaced the road.  The roadway on which the drainage system was constructed is in front of both Wenzels’ and Appellants’ property.

Apparently, after Parker County made the modifications, Appellants’ property, including their house and swimming pool, flooded in November 1996 and February 1997.  Appellants allege that they videotaped the effects of the February 1997 flood and showed the videotape to the mayor of the City, Lloyd Bailey, shortly thereafter.  The City of Reno performed remedial repairs in 2000, and Appellants’ property flooded once again in June 2000.  

Appellants initially instituted an action against Parker County in 1997, alleging that the flooding of their property had resulted from the County’s negligence.  In addition, Appellants made an inverse condemnation claim under the Texas Constitution.  
See
 
Tex. Const.
 art. I, § 17.  When Parker County moved for summary judgment, Appellants responded on November 27, 2000, and at the same time filed a second amended petition, naming the City as an additional defendant and maintaining their negligence and inverse condemnation claims.  The trial court granted Parker County’s motion for summary judgment.  Following the grant of Parker County’s motion, the City filed a traditional and no-evidence motion for summary judgment.

On April 1, 2002, the trial court granted the City’s motion for summary judgment on specific grounds.  As to Appellants’ negligence or nuisance claim, the trial court found that the statute of limitations had run on those claims that accrued more than two years prior to October 28, 1997, and that the City retained its sovereign immunity based upon its performance of a discretionary function.  As to their inverse condemnation claim, the trial court found Appellants had not demonstrated any public use or damage to their property resulting from the City’s alleged negligence.  
Appellants appeal from that order, but do not appeal the trial court’s order granting Parker County summary judgment.

Appellants’ first issue reads as follows:

The trial court granted the City of Reno’s Motion for Summary Judgment based on [sovereign] immunity.  Does the Texas Constitution Article I, Section 17 deprive the City of Reno from immunity for taking property without compensation and for damages attributable to nuisance?

We agree with the City that Appellants have mischaracterized the trial court’s decision that the City retained sovereign immunity based on its performance of a discretionary function to mean that the City was immune from liability for the constitutional takings claim they asserted.  The trial court made no finding that the City was immune from a constitutional takings claim.  Instead, the trial court’s finding number 2 was a finding that the City retained sovereign immunity in regards to Appellants’ negligence claim.  In addition to being a complaint that the trial court erred in finding that sovereign immunity applied, we interpret Appellants’ first issue, based on their arguments in their brief and at oral argument, to be a complaint that the trial court erred in granting summary judgment to the City because their claims were based on intentional conduct of the City, not negligence as the trial court said in finding number 3. In their second issue, Appellants contend that the trial court erred in granting summary judgment to the City based on limitations.

Neither party set forth the applicable standard of review in its brief, and subsequently neither constructed their arguments on the proper standard of review.  A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim.  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; In re Mohawk Rubber Co.,
 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i); 
Moore v. K Mart Corp.,
 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.,
 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
; Moore,
 981 S.W.2d at 269.
  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust Co.,
 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269. More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  
Merrell Dow Pharm., Inc. v. Havner, 
953 S.W.2d 706, 711 (Tex. 1997).  
A genuine issue of material fact is raised by presenting evidence on which a reasonable jury could return a verdict in the nonmovant's favor.  
Moore,
 981 S.W.2d at 266; 
see also
 
Anderson v. Liberty Lobby, Inc.
, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 2513-14 (1986) (interpreting 
Fed. R. Civ. P.
 56).

Negligence Cause of Action

Appellants claimed that the City negligently constructed the roadway drainage system in front of their property.  The City moved for traditional summary judgment on the affirmative defense of sovereign immunity under section 101.056 of the Texas Tort Claims Act.
  Tex. Civ. Prac. & Rem. Code 
§ 101.056(2) (Vernon 1997).  Appellants contend that the trial court erred in finding that sovereign immunity applied.

Sovereign Immunity

Under the Tort Claims Act, the State is immune from liability based on its performance of a discretionary act.  
Id.
  
The question of whether the State’s actions fall within its discretionary powers is a question of law for the court.  
McKinney v. City of Gainesville,
 814 S.W.2d 862, 866 (Tex. App.—Fort Worth 1991, no writ).
  A governmental entity's discretion in the design of roadways is protected from liability by section 101.056(2) of the Tort Claims Act.
 
 Tex. Civ. Prac. & Rem. Code 
§ 101.056(2);
 State v. Burris,
 877 S.W.2d 298, 299 (Tex. 1994); 
Maxwell v. Tex. Dep’t of Transp.,
 880 S.W.2d 461, 463 (Tex. App.—Austin 1994, writ denied).
 

As summary judgment evidence, the City attached Appellants’ depositions.  In his deposition, Mr. Berry testified that his and his wife’s claim is founded on the City’s negligence in designing the roadway drainage system.  In addition, the City attached an affidavit of Danny Choate, the Parker County Commissioner who received notice of Appellants’ claims in 1997. 
 In his affidavit, Choate detailed the work the County performed on the roadway in front of Appellants’ property, and included a copy of a 1997 letter Appellants’ counsel sent to the County.  Appellants’ letter gave notice to the County that they were seeking compensation from damages “arising out of the construction and/or ‘improvements’” of the roadway.

The City also attached Appellants’ second amended petition as summary judgment evidence, which specifically alleges that the City was “negligent in the operational planning and construction” of the roadway drainage system in front of their property
.  As a general rule, pleadings, even if sworn to, do not constitute summary judgment proof.  
Laidlaw Waste Sys., Inc. v. City of Wilmer, 
904 S.W.2d 656, 660 (Tex. 1995). 
 
Even though Appellants’ pleadings fail as proof, we hold that the deposition testimony of Mr. Berry and the affidavit of Choate proved that Appellants’ suit was based on the design and construction of the roadway, which are discretionary acts.  
See Burris,
 877 S.W.2d at 299; 
Maxwell, 
880 S.W.2d at 463.  Therefore, the City conclusively proved that sovereign immunity applied as to Appellants’ negligence claim.  Accordingly, 
the trial court properly granted summary judgment to the City on this ground, and we need not address Appellants’ second issue regarding the statute of limitations.

Inverse Condemnation Cause of Action

In addition to their negligence cause of action, Appellants also claimed that, as a result of the flooding from the “improvements” the City had made  to the roadway, a taking of their property in violation of section 17, article I of the Texas Constitution had occurred.  The City moved for no-evidence summary judgment on this issue, arguing that Appellants had no evidence to establish a takings claim.  More specifically, the City claimed that Appellants had no evidence that the City made a taking for public use.

A landowner may bring an inverse condemnation claim pursuant to article I, section 17 of the Texas Constitution when his property has been taken, damaged, or destroyed for, or applied to, public use without adequate compensation. 
 
Tex. Const.
 art. I, § 17.  To demonstrate that a constitutional inverse condemnation has occurred, a party must show that (1) the State intentionally performed certain acts in the exercise of its lawful authority, (2) that resulted in a "taking" of property, (3) for public use.  
State v. Hale, 
136 Tex. 29, 146 S.W.2d 731, 736 (1941);
 City of Keller v. Wilson,
 86 S.W.3d 693, 701-02 (Tex. App.—Fort Worth 2002, pet. filed);
 Kerr v. Tex. Dep't of Transp., 
45 S.W.3d 248, 250 (Tex. App.—Houston [1
st
 Dist.] 2001, no pet.).

Public Use

In its order granting the City’s motion for summary judgment, the trial court found as a matter of law that “a ‘taking’ as alleged could not take place because there was no taking for public use.”  The City raised the issue in its brief and at oral argument that the trial court properly granted its no-evidence motion for summary judgment on this ground because Appellants “never . . . provided any evidence of a public use for which their property was taken or damaged.”  Appellants did not respond to this issue in a reply brief or at oral argument before this court. 

A constitutional taking for public use occurs “only when there results to the public some definite right or use in the business or undertaking to which the property is devoted.”
  Borden v. Trespalacios Rice & Irrigation Co.,
 98 Tex. 494, 86 S.W. 11, 14 (1905);
 Loesch v. Oasis Pipe Line Co.,
 665 S.W.2d 595, 597 (Tex. App.—Austin 1984, writ ref’d n.r.e.).  The question of what constitutes public use is one for the court.
  Dyer v. Tex. Elec. Serv. Co.,
 680 S.W.2d 883, 884 (Tex. App.—El Paso 1984, writ ref’d n.r.e.).  Generally, the trend in Texas is toward defining public use in terms of the general benefit to the State. 
 Id. 
at 885 (citing 
Hous. Auth. of City of Dallas v. Higginbotham, 
135 Tex. 158, 143 S.W.2d 79, 85 (1940)).  Even if the use of the roadway drainage system for which Appellants’ property has been taken serves a single individual, the condemnation would still be deemed a public use.  
See id.
 (citing 
Tenngasco Gas Gathering Co. v. Fischer, 
653 S.W.2d 469, 475 (Tex. App.—Corpus Christi 1983, writ ref'd n.r.e.) (holding pipeline running across the property of a private landowner to be a public use even though the pipeline was built to serve only one customer)).

Appellants’ response to the City’s no-evidence motion, while providing a lengthy narrative regarding Texas constitutional takings case law, did not point the trial court to the specific portions of their attached summary judgment evidence that would constitute some evidence that the City took their property for a public use.  Here, we conduct a close review of the ninety pages of summary judgment evidence attached to Appellants’ response to determine if they met their burden.  
See Simplified Telesys, Inc. v. Live Oak Telecom, L.L.C.,
 68 S.W.3d 688, 690 (Tex. App.–Austin 2000, no pet.) (holding that by broadly stating summary judgment evidence was “all contained in the [250-page] Reporter’s Record” which was attached to non-movant’s response to a motion for summary judgment, non-movant sufficiently “point[ed] out evidence” as required by the rules). 

Appellants’ summary judgment evidence included a copy of their depositions, an affidavit of Mr. Berry, and an affidavit of Appellants’ counsel with an attached letter to the City of Reno, dated June 16, 2000, notifying the City of Appellants’ flooding problems.  Appellants attached those documents to their response.  Appellants also stated that their evidence included “[i]nterrogatories and answers thereto, depositions, medical records and expense affidavits and other pleadings and discovery which are on file with this Court, all of which are hereby incorporated into and made a part of this [r]esponse to the degree referenced.”  As discussed above, pleadings generally do not constitute competent summary judgment proof.  
Laidlaw, 
904 S.W.2d at 660; 
Mora v. Southwestern Bell Media, Inc., 
763 S.W.2d 527, 528 (Tex. App.—El Paso 1988, no writ).  The evidence supporting the summary judgment must be attached to the motion or to an affidavit that refers to the evidence and not merely to the pleadings.  
Tex. Nat’l Corp. v. United Sys. Int’l, Inc.,
 493 S.W.2d 738, 740 (Tex. 1973); 
Mora,
 763 S.W.2d at 528-29.  Appellants’ depositions and Mr. Berry’s affidavit
, therefore, are the only competent summary judgment evidence before us.

Appellants’ depositions included a diagram of their property.  The diagram, drawn by Mr. Berry, shows the location of Paul Wenzel’s property and the location of the roadway drainage system.  Mr. Berry’s testimony supplements and explains his diagram, which shows that the drainage system is located in front of Wenzel’s property.  Mr. Berry testified that before the 1989 installation of the roadway drainage system, his property would flood on occasion, but the flooding was limited to his pasture.  He said that he knew about the flooding when he bought the property and that he needed the flood waters for his stock tank.  Mr. Berry said, “I don’t know why they put the pipes in there.”

In our careful review of the summary judgment evidence, we do not find any evidence that showed the City’s purpose in constructing the roadway drainage system.  
See, e.g., City of Perryton v. Huston,
 454 S.W.2d 435, 439 (Tex. Civ. App.—Eastland 1970, writ ref’d n.r.e.) (holding there was evidence of a public use where the city’s drainage project, which was used to divert water out of the city and to relieve the city from flooding, subsequently flooded plaintiff’s land).  The summary judgment evidence merely shows that Appellants did not know why the City constructed the drainage system.  This denial does not provide more than a scintilla of evidence as to the City’s purpose in constructing the drainage system; therefore, we hold that Appellants did not provide more than a scintilla of evidence that the City constructed the system for a public use.  
See
 
Moore
, 981 S.W.2d at 269.  Accordingly the trial court did not err in granting summary judgment to the City on Appellants’ inverse condemnation cause of action. 

We affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

GARDNER and WALKER, JJ. concur without opinions.

DELIVERED: April 24, 2003