TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-06-00744-CV






John S. Dashtgoli, Appellant


v.


Eye Care of Austin, P.A. d/b/a Texan Eye Care; Steven J. Dell, M.D.; and 

Jeffery R. Lane, M.D., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-05-004139, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 John S. Dashtgoli, acting pro se, appeals from a no-evidence summary judgment (1) 
dismissing his health-care liability claims against appellees Eye Care of Austin, P.A. d/b/a Texan
Eye Care; Steven J. Dell, M.D., an ophthalmologist; and Jeffery R. Lane, M.D., an optometrist. 
Because Dashtgoli did not produce evidence raising a genuine issue of material fact on the elements
challenged in appellees' motions, we conclude that dismissal of his claims against appellees was
required by Texas Rule of Civil Procedure 166a(i), and we affirm the district court's judgment.


BACKGROUND


 Dashtgoli filed a medical-malpractice suit on November 17, 2005, (2) against Texan
Eye Care, Dell, and Lane, alleging complications following his January 7, 2004 cataract surgery. (3) 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-.507 (West 2005 & Supp. 2007). He was initially
represented by an attorney who provided pre-suit notices to appellees, filed suit, conducted
discovery, and procured an expert report from an ophthalmologist.

 After approximately eighteen months, Dashtgoli's attorney filed a motion to
withdraw, to which Dashtgoli objected. The district court granted the attorney's motion to withdraw
and gave Dashtgoli sixty days to obtain new counsel or provide notice of his intent to proceed pro se. 
After six weeks, Dashtgoli filed a letter stating that he was unable to find new counsel despite
contacting "over 650" law firms in Texas. He requested an extension of time to find a lawyer and
alternatively, asserted that he would "defend the case [him]self."

 Dell and Texan Eye Care subsequently filed a no-evidence motion for summary
judgment, see Texas Rule of Civil Procedure 166a(i), arguing that there was no legally admissible 

evidence regarding:



 the applicable standard of care for a physician such as Dell and/or a professional
association such as Texan Eye Care; 

 any alleged breach of the applicable standard of care owed by Dell and/or Texan
Eye Care; 

 any injury to Dashtgoli caused by any alleged breach of the standard of care by Dell
and/or Texan Eye Care; 

 any act or omission by Dell and/or Texan Eye Care constituting malice or gross
negligence, or any other legal theory supporting a recovery of exemplary damages;
and 

 any vicarious liability imputed to Texan Eye Care for the acts or omissions of Dell
and/or Lane. (4)




 Lane filed a separate, similar motion for summary judgment under rule 166a(i). His
motion asserted that there was no legally admissible evidence about:



 Lane's alleged lack of qualification to perform the services that he performed for
Dashtgoli;




 the applicable standard of care for Lane;

 any specific act or omission by Lane constituting a breach of the applicable
standard of care;
 any injury or damages to Dashtgoli proximately caused by any alleged act or
omission of Lane's in breach of the standard of care; and

 any act or omission by Lane constituting malice or gross negligence, or any other
factual or legal basis for awarding punitive damages.




 In response, Dashtogoli filed a two-page narrative asking the court to reject both of
appellees' motions for summary judgment and to appoint an attorney to represent him. Dashtgoli's
response asserted his indigence, summarized the factual allegations of his suit, related his
recollection of conversations with Lane and an eye retina specialist, argued his right to compensation
for medical negligence, and requested that the court consider the facts, adding that "all documents"
were in the court's file. However, Dashtgoli did not produce any evidence supporting the statements
in his response.

 The district court granted summary judgment in favor of Texan Eye Care and Dell,
and the following month, it granted summary judgment in favor of Lane. Neither judgment stated
the grounds for the court's ruling. This appeal followed.


DISCUSSION


Standard of review

 A party seeking a no-evidence summary judgment contends that there is no evidence
of one or more essential elements of a claim on which an adverse party would have the burden of
proof at trial. Tex. R. Civ. P. 166a(i); Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008). If the
respondent does not produce summary judgment evidence raising a genuine issue of material fact,
the trial court must grant the motion. Tex. R. Civ. P. 166a(i); Hamilton, 249 S.W.3d at 426. We
review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded
jurors to differ in their conclusions. Hamilton, 249 S.W.3d at 426 (citing City of Keller v. Wilson,
168 S.W.3d 802, 822 (Tex. 2005)). A no-evidence point will be sustained when (1) there is a
complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from
giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a
vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite
of a vital fact. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). Because the judgment here does
not specify the grounds for the trial court's ruling, we must affirm the summary judgment if any of
the theories presented to the trial court and preserved for appellate review are meritorious. Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex. 2003).


Waiver

 Although Dashgoli is not an attorney, he is not exempt from the rules of procedure. 
Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005) (citing Mansfield State Bank v. Cohn,
573 S.W.2d 181, 184-85 (Tex. 1978)). Dashtgoli has not complied with the rules of appellate
procedure because he has not identified any issues presented for this Court's review. See Tex. R.
App. P. 38.1(e). Additionally, his brief--which is a factual chronology of events resembling his
response to appellees' motions for summary judgment--does not comply with the rules because
it does not include any citation to legal authority or to the record, or state the relief he is seeking
from this Court. See Tex. R. App. P. 38.1(h), (i). Appellees contend that, by failing to adequately
brief his complaints about the district court's ruling, Dashtgoli has waived them. See Tex. R. App.
P. 38.1(h); Lairsen v. Slutzky, 80 S.W.3d 121, 130 (Tex. App.--Austin 2002, pet. denied); Ebner
v. First State Bank, 27 S.W.3d 287, 303 n.28 (Tex. App.--Austin 2000, pet. denied). However, in
the interest of justice, we will consider whether Dashtgoli met his burden of producing evidence
raising a genuine issue of material fact on the elements challenged in appellees' summary-judgment
motions. See Tex. R. Civ. P. 166a(i).


Dashtgoli's burden under rule 166a(i)

 To preclude summary judgment in a medical-malpractice case, the plaintiff must offer
expert testimony on the essential elements of the claim, including the standard of care, breach,
and causation. Cunningham v. Columbia/St. David's Healthcare Sys., L.P., 185 S.W.3d 7, 10
(Tex. App.--Austin 2005, no pet.). Appellees' motions for no-evidence summary judgment asserted
the lack of legally admissible evidence supporting the applicable standard of care, breach of that
standard, and a causal link between the breach of the standard of care and Dashtgoli's damages. It
was Dashtgoli's burden, as the respondent, to produce summary judgment evidence raising a genuine
issue of material fact as to the elements of his claim that were challenged in appellees' motions. See
Tex. R. Civ. P. 166a(i); Hamilton, 249 S.W.3d at 426; Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68,
71 (Tex. App.--Austin 1998, no pet.) (noting that motion filed under rule 166a(i) shifts burden of
proof to nonmovant).

 Dashtgoli's response to appellees' motions for summary judgment did not meet
his burden under rule 166a(i). The response merely repeated his factual allegations, related his
recollection of conversations with Lane and an eye retina specialist, argued his right to
compensation, and requested consideration of the facts. The response did not present any evidence
meeting the requirements for summary-judgment proof. See Tex. R. Civ. P. 166a(c), (f).

 Dashtgoli attempted to correct this deficiency on appeal, appending unauthenticated
copies of medical records and an expert report to his brief. However, the medical records attached
to his brief are outside the summary-judgment record and the expert report was not presented to
the trial court in response to appellees' motions for summary judgment. (5) We cannot consider
documents attached to briefs that were not before the trial court and are not part of the record. See
Tex. R. Civ. P. 166a(c); Tex. R. App. P. 34.1; Merchandise Ctr., Inc. v. WNS, Inc., 85 S.W.3d 389,
394 (Tex. App.--Texarkana 2002, no pet.) (citing Sabine Offshore Serv., Inc. v. City of Port Arthur,
595 S.W.2d 840 (Tex. 1979)).

 Based on this record, there is a complete absence of legally admissible evidence
presented to the district court supporting the applicable standard of care, breach of that standard, and
a causal link between the breach of the standard of care and Dashtgoli's damages--vital facts in
Dashtgoli's health-care liability claim. See Chapman, 118 S.W.3d at 751; Patriacca v. Frost,
98 S.W.3d 303, 306 (Tex. App.--Houston [1st Dist.] 2003, no pet.) (holding that defendant was
entitled to summary judgment pursuant to rule 166a(i) because plaintiff proffered no evidence in
support of two essential elements of her medical negligence claim). There is no evidence here
that would enable reasonable and fair-minded jurors to differ in their conclusions. See Hamilton,
249 S.W.3d at 426. In fact, there is no standard available for the jurors to determine the propriety
of Dashtgoli's medical treatment by appellees. See Cunningham, 185 S.W.3d at 10.

 Dashtgoli's notice of appeal asserts that the district court's ruling on the summary
judgments and its denial of his request for a court-appointed attorney (6) were unjustified, ignored
the law, and ignored the rights of an injured claimant who was not represented by an attorney. We
disagree. The district court met its obligation to apply the same legal standards to Dashtgoli that
govern all litigants, regardless of whether the litigant is represented by an attorney. See Cohn,
573 S.W.2d at 184-85 ("Litigants who represent themselves must comply with the applicable
procedural rules, or else they would be given an unfair advantage over litigants represented
by counsel."); see also Stephens v. LCRA Transmission Servs. Corp., No. 03-06-00604-CV, 2008
Tex. App. LEXIS 5345 at *17 (Tex. App.--Austin 2008, no pet. h.) (mem. op.). This Court is
similarly bound to apply Texas procedural rules uniformly.


CONCLUSION


 Because we conclude, based on this record, that Dashtgoli did not produce any
competent summary-judgment proof in his response to appellees' motions for summary judgment
and that dismissal of his claims against appellees was required by Texas Rule of Civil Procedure
166a(i), the district court's grant of summary judgment in favor of appellees was not error. We
affirm the district court's judgment.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: July 23, 2008

1. The district court entered two summary judgments under rule 166a(i) for appellees: 
the first, in favor of Texan Eye Care and Dell, was entered by Judge Stephen Yelenosky on
September 22, 2006; and the second, in favor of Lane, was entered by Judge Margaret A. Cooper on
October 11, 2006. Because the second summary judgment disposed of all parties and claims in
Dashtgoli's suit and made the first summary judgment final, see Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 200 (Tex. 2001), reference is made to only one district-court judgment.
2. Dashtgoli's original petition states that his suit was filed in accordance with article 4590i
of the Medical Liability and Insurance Improvement Act, but the Act was repealed before he filed
this suit. See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. 
Dashtgoli's claims are governed by chapter 74 of the Texas Civil Practice and Remedies Code
because his suit was filed after September 1, 2003. See Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 23.02(a), (d), 2003 Tex. Gen. Laws 847, 898-99.
3. Because the resolution of this appeal turns solely on procedural rules, an extended
discussion of the factual allegations in the underlying suit is unnecessary.
4. Concerning the vicarious liability theory, the motion filed by Dell and Texan Eye Care 
further specified that Dashtgoli lacked any legally admissible evidence that (1) Dell and Lane were
agents, employees, partners, and/or shareholders of Texan Eye Care working within the course and
scope of their employment at the time of the events made the basis of the suit; (2) Dell and Lane
were acting as agents of their principal Texan Eye Care at the time of the events made the basis of
the suit; (3) Texan Eye Care affirmatively held out Dell and/or Lane as its agents or employees
and/or knowingly permitted them to hold themselves out to the public as agents or employees of
Texan Eye Care; and (4) a joint enterprise existed between Dell and/or Lane, on the one hand, and
Texan Eye Care due to an express or implied agreement, a common purpose, a common pecuniary
interest, and/or an equal right between Dell and/or Lane, on the one hand, and Texan Eye Care to
control such alleged joint enterprise.
5. Although the clerk's record includes a copy of the expert report, it was attached to
Dashtgoli's original petition, not produced in response to the no-evidence motions for summary
judgment. Dashtgoli was required to present some summary-judgment evidence raising a genuine
issue of material fact on the challenged elements of his claim. See Tex. R. Civ. P. 166a(i). 
Documents attached to filed pleadings are insufficient to meet a respondent's burden of producing
some summary-judgment evidence. See Texas Nat'l Corp. v. United Sys. Int'l, Inc., 493 S.W.2d
738, 741 (Tex. 1973); Berry v. City of Reno, 107 S.W.3d 128, 134 (Tex. App.--Fort Worth 2003,
no pet.).
6. The court's ruling on Dashtgoli's request for appointment of an attorney does not appear
in the record. We note, however, that courts are not required to appoint counsel for claimants in a
medical-malpractice action. Gibson v. Tolbert, 102 S.W.3d 710, 712 (Tex. 2003).