# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

## NO. 03-06-00744-CV

=====

**John S. Dashtgoli, Appellant**

**v.**

**Eye Care of Austin, P.A. d/b/a Texan Eye Care; Steven J. Dell, M.D.; and
Jeffery R. Lane, M.D., Appellees**

=====

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-05-004139, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

=====

## M E M O R A N D U M   O P I N I O N

John S. Dashtgoli, acting pro se, appeals from a no-evidence summary judgment[1] dismissing his health-care liability claims against appellees Eye Care of Austin, P.A. d/b/a Texan Eye Care; Steven J. Dell, M.D., an ophthalmologist; and Jeffery R. Lane, M.D., an optometrist. Because Dashtgoli did not produce evidence raising a genuine issue of material fact on the elements challenged in appellees' motions, we conclude that dismissal of his claims against appellees was required by Texas Rule of Civil Procedure 166a(i), and we affirm the district court's judgment.

---

[1] The district court entered two summary judgments under rule 166a(i) for appellees: the first, in favor of Texan Eye Care and Dell, was entered by Judge Stephen Yelenosky on September 22, 2006; and the second, in favor of Lane, was entered by Judge Margaret A. Cooper on October 11, 2006. Because the second summary judgment disposed of all parties and claims in Dashtgoli's suit and made the first summary judgment final, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001), reference is made to only one district-court judgment.

**BACKGROUND**

Dashtgoli filed a medical-malpractice suit on November 17, 2005,[2] against Texan Eye Care, Dell, and Lane, alleging complications following his January 7, 2004 cataract surgery.[3] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-.507 (West 2005 & Supp. 2007). He was initially represented by an attorney who provided pre-suit notices to appellees, filed suit, conducted discovery, and procured an expert report from an ophthalmologist.

After approximately eighteen months, Dashtgoli's attorney filed a motion to withdraw, to which Dashtgoli objected. The district court granted the attorney's motion to withdraw and gave Dashtgoli sixty days to obtain new counsel or provide notice of his intent to proceed pro se. After six weeks, Dashtgoli filed a letter stating that he was unable to find new counsel despite contacting "over 650" law firms in Texas. He requested an extension of time to find a lawyer and alternatively, asserted that he would "defend the case [him]self."

Dell and Texan Eye Care subsequently filed a no-evidence motion for summary judgment, *see* Texas Rule of Civil Procedure 166a(i), arguing that there was no legally admissible evidence regarding:

---

[2] Dashtgoli's original petition states that his suit was filed in accordance with article 4590i of the Medical Liability and Insurance Improvement Act, but the Act was repealed before he filed this suit. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. Dashtgoli's claims are governed by chapter 74 of the Texas Civil Practice and Remedies Code because his suit was filed after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 23.02(a), (d), 2003 Tex. Gen. Laws 847, 898-99.

[3] Because the resolution of this appeal turns solely on procedural rules, an extended discussion of the factual allegations in the underlying suit is unnecessary.

- the applicable standard of care for a physician such as Dell and/or a professional association such as Texan Eye Care;

- any alleged breach of the applicable standard of care owed by Dell and/or Texan Eye Care;

- any injury to Dashtgoli caused by any alleged breach of the standard of care by Dell and/or Texan Eye Care;

- any act or omission by Dell and/or Texan Eye Care constituting malice or gross negligence, or any other legal theory supporting a recovery of exemplary damages; and

- any vicarious liability imputed to Texan Eye Care for the acts or omissions of Dell and/or Lane.[4]

Lane filed a separate, similar motion for summary judgment under rule 166a(i). His motion asserted that there was no legally admissible evidence about:

- Lane's alleged lack of qualification to perform the services that he performed for Dashtgoli;

- the applicable standard of care for Lane;

- any specific act or omission by Lane constituting a breach of the applicable standard of care;

---

[4] Concerning the vicarious liability theory, the motion filed by Dell and Texan Eye Care further specified that Dashtgoli lacked any legally admissible evidence that (1) Dell and Lane were agents, employees, partners, and/or shareholders of Texan Eye Care working within the course and scope of their employment at the time of the events made the basis of the suit; (2) Dell and Lane were acting as agents of their principal Texan Eye Care at the time of the events made the basis of the suit; (3) Texan Eye Care affirmatively held out Dell and/or Lane as its agents or employees and/or knowingly permitted them to hold themselves out to the public as agents or employees of Texan Eye Care; and (4) a joint enterprise existed between Dell and/or Lane, on the one hand, and Texan Eye Care due to an express or implied agreement, a common purpose, a common pecuniary interest, and/or an equal right between Dell and/or Lane, on the one hand, and Texan Eye Care to control such alleged joint enterprise.

- any injury or damages to Dashtgoli proximately caused by any alleged act or omission of Lane's in breach of the standard of care; and

- any act or omission by Lane constituting malice or gross negligence, or any other factual or legal basis for awarding punitive damages.

In response, Dashtogoli filed a two-page narrative asking the court to reject both of appellees' motions for summary judgment and to appoint an attorney to represent him. Dashtgoli's response asserted his indigence, summarized the factual allegations of his suit, related his recollection of conversations with Lane and an eye retina specialist, argued his right to compensation for medical negligence, and requested that the court consider the facts, adding that "all documents" were in the court's file. However, Dashtgoli did not produce any evidence supporting the statements in his response.

The district court granted summary judgment in favor of Texan Eye Care and Dell, and the following month, it granted summary judgment in favor of Lane. Neither judgment stated the grounds for the court's ruling. This appeal followed.

**DISCUSSION**

**Standard of review**

A party seeking a no-evidence summary judgment contends that there is no evidence of one or more essential elements of a claim on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). If the respondent does not produce summary judgment evidence raising a genuine issue of material fact, the trial court must grant the motion. Tex. R. Civ. P. 166a(i); *Hamilton*, 249 S.W.3d at 426. We

4

review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). A no-evidence point will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Because the judgment here does not specify the grounds for the trial court's ruling, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**Waiver**

Although Dashgoli is not an attorney, he is not exempt from the rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). Dashtgoli has not complied with the rules of appellate procedure because he has not identified any issues presented for this Court's review. *See* Tex. R. App. P. 38.1(e). Additionally, his brief—which is a factual chronology of events resembling his response to appellees' motions for summary judgment—does not comply with the rules because it does not include any citation to legal authority or to the record, or state the relief he is seeking from this Court. *See* Tex. R. App. P. 38.1(h), (i). Appellees contend that, by failing to adequately brief his complaints about the district court's ruling, Dashtgoli has waived them. *See* Tex. R. App.

P. 38.1(h); *Lairsen v. Slutzky*, 80 S.W.3d 121, 130 (Tex. App.—Austin 2002, pet. denied); *Ebner v. First State Bank*, 27 S.W.3d 287, 303 n.28 (Tex. App.—Austin 2000, pet. denied). However, in the interest of justice, we will consider whether Dashtgoli met his burden of producing evidence raising a genuine issue of material fact on the elements challenged in appellees' summary-judgment motions. *See* Tex. R. Civ. P. 166a(i).

**Dashtgoli's burden under rule 166a(i)**

To preclude summary judgment in a medical-malpractice case, the plaintiff must offer expert testimony on the essential elements of the claim, including the standard of care, breach, and causation. *Cunningham v. Columbia/St. David's Healthcare Sys., L.P.*, 185 S.W.3d 7, 10 (Tex. App.—Austin 2005, no pet.). Appellees' motions for no-evidence summary judgment asserted the lack of legally admissible evidence supporting the applicable standard of care, breach of that standard, and a causal link between the breach of the standard of care and Dashtgoli's damages. It was Dashtgoli's burden, as the respondent, to produce summary judgment evidence raising a genuine issue of material fact as to the elements of his claim that were challenged in appellees' motions. *See* Tex. R. Civ. P. 166a(i); *Hamilton*, 249 S.W.3d at 426; *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.) (noting that motion filed under rule 166a(i) shifts burden of proof to nonmovant).

Dashtgoli's response to appellees' motions for summary judgment did not meet his burden under rule 166a(i). The response merely repeated his factual allegations, related his recollection of conversations with Lane and an eye retina specialist, argued his right to

6

compensation, and requested consideration of the facts. The response did not present any evidence meeting the requirements for summary-judgment proof. *See* Tex. R. Civ. P. 166a(c), (f).

Dashtgoli attempted to correct this deficiency on appeal, appending unauthenticated copies of medical records and an expert report to his brief. However, the medical records attached to his brief are outside the summary-judgment record and the expert report was not presented to the trial court in response to appellees' motions for summary judgment.[5] We cannot consider documents attached to briefs that were not before the trial court and are not part of the record. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 34.1; *Merchandise Ctr., Inc. v. WNS, Inc.*, 85 S.W.3d 389, 394 (Tex. App.—Texarkana 2002, no pet.) (citing *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840 (Tex. 1979)).

Based on this record, there is a complete absence of legally admissible evidence presented to the district court supporting the applicable standard of care, breach of that standard, and a causal link between the breach of the standard of care and Dashtgoli's damages—vital facts in Dashtgoli's health-care liability claim. *See Chapman*, 118 S.W.3d at 751; *Patriacca v. Frost*, 98 S.W.3d 303, 306 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that defendant was entitled to summary judgment pursuant to rule 166a(i) because plaintiff proffered no evidence in

---

[5] Although the clerk's record includes a copy of the expert report, it was attached to Dashtgoli's original petition, not produced in response to the no-evidence motions for summary judgment. Dashtgoli was required to present some summary-judgment evidence raising a genuine issue of material fact on the challenged elements of his claim. *See* Tex. R. Civ. P. 166a(i). Documents attached to filed pleadings are insufficient to meet a respondent's burden of producing some summary-judgment evidence. *See Texas Nat'l Corp. v. United Sys. Int'l, Inc.*, 493 S.W.2d 738, 741 (Tex. 1973); *Berry v. City of Reno*, 107 S.W.3d 128, 134 (Tex. App.—Fort Worth 2003, no pet.).

support of two essential elements of her medical negligence claim).  There is no evidence here that would enable reasonable and fair-minded jurors to differ in their conclusions.  *See Hamilton*, 249 S.W.3d at 426.  In fact, there is no standard available for the jurors to determine the propriety of Dashtgoli's medical treatment by appellees.  *See Cunningham*, 185 S.W.3d at 10.

Dashtgoli's notice of appeal asserts that the district court's ruling on the summary judgments and its denial of his request for a court-appointed attorney[6] were unjustified, ignored the law, and ignored the rights of an injured claimant who was not represented by an attorney.  We disagree.  The district court met its obligation to apply the same legal standards to Dashtgoli that govern all litigants, regardless of whether the litigant is represented by an attorney.  *See Cohn*, 573 S.W.2d at 184-85 ("Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."); *see also Stephens v. LCRA Transmission Servs. Corp.*, No. 03-06-00604-CV, 2008 Tex. App. LEXIS 5345 at *17 (Tex. App.—Austin 2008, no pet. h.) (mem. op.).  This Court is similarly bound to apply Texas procedural rules uniformly.

## CONCLUSION

Because we conclude, based on this record, that Dashtgoli did not produce any competent summary-judgment proof in his response to appellees' motions for summary judgment and that dismissal of his claims against appellees was required by Texas Rule of Civil Procedure

---

[6] The court's ruling on Dashtgoli's request for appointment of an attorney does not appear in the record.  We note, however, that courts are not required to appoint counsel for claimants in a medical-malpractice action.  *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003).

166a(i), the district court's grant of summary judgment in favor of appellees was not error. We affirm the district court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: July 23, 2008